**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLIFF ORANE HANSON,**

    **Plaintiff,**

**vs.**                                                                                            **CASE NO. 4:06CV348-RH/AK**

**ADAM RUIZ, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause before the Court pursuant to 42 U.S.C. §1983 seeking damages resulting from his recent incarceration. He has filed three complaints, and although this case has been pending over one year, he has still failed to state viable claims against the defendants. (Doc. 43).

Plaintiff complains that he was arrested for failure to appear at a court proceeding and he sues his attorney for not making certain he got the notice of the appearance, the clerk of court for entering errors (presumably concerning his address) on the docket,[1] and the Sheriff of Leon County (Larry Campbell) and the Leon County Jail Administrator (Carl Bennett) for unspecified acts, and finally James McDonough, Secretary of the Department of Corrections for unspecified acts. Although the papers

---

[1] It is interesting to note that the crux of Plaintiff's complaint concerns the failure to receive timely notice from the state court concerning those proceedings, and this Court, as well, has had *great* difficulty in communicating with Plaintiff about this court case because of mail and address problems.

submitted with the second amended complaint show that a robbery charge was pending against him, he asserts that he was arrested and held because he failed to appear at a case management conference of which he was unaware. This is the recurring theme of Plaintiff's complaints, although he has changed his focus and the named defendants since the filing of the original complaint.

The Court has attempted twice to explain the deficiencies in Plaintiff's claims to him, specifically that he is asserting legal malpractice against his attorneys and his claims for damages resulting from their alleged failures with regard to his appearance at court should be brought in state court. (Doc. 24). The Court has also explained that Plaintiff must state facts to support his claims against the jail administrator. (Doc. 18). Despite the Court's efforts, Plaintiff has come forward with a second amended complaint asserting basically the same legal malpractice claims against his attorney. He has also named the jail administrator again without asserting an actual claim against him, nor has he provided any facts to support naming the sheriff and secretary.

Plaintiff has been given three attempts to file viable claims without success, and the undersigned is of the opinion that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief and this cause should be dismissed. See Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 43, be **DISMISSED** for failure to state a claim

**No. 4:06cv348-RH/AK**

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this  **10th**  Day of October, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:06cv348-RH/AK**