IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFF ORANE HANSON,

    Plaintiff,

v.        CASE NO. 4:06cv348-RH/AK

ADAM RUIZ, et al.,

    Defendants.

_____/

**ORDER OF DISMISSAL**

This matter is before the court on the magistrate judge's report and recommendation (document 50), to which no objections have been filed. The report and recommendation correctly concludes that this action should be dismissed.

According to the second amended complaint and its attachments, the State of Florida charged plaintiff Cliff Orane Hanson with home invasion robbery. The court released Mr. Hanson pending trial. A case management conference was set, but neither Mr. Hanson nor his court-appointed attorney appeared. The attorney apparently had not received notice of the conference, perhaps because he had only

recently been appointed in place of the public defender.  Mr. Hanson failed to appear because he did not receive notice and in any event defendants are not required to attend case management conferences.

A warrant for a defendant's arrest should not be issued under these circumstances, but a warrant was issued here, apparently because of a mistake by a clerk's office employee.  Law enforcement officers arrested Mr. Hanson, and he was detained for a time.  Upon learning the situation, Mr. Hanson's court-appointed attorney promptly filed a motion for release, which was promptly granted.

In this action Mr. Hanson seeks relief against his court-appointed attorney, the clerk of the court, the sheriff (who administers the jail where Mr. Hanson was detained and for whom the arresting officer worked), the deputy assigned to oversee jail operations, and the Secretary of the Florida Department of Corrections (who the second amended complaint incorrectly asserts is responsible for the county jail).  Mr. Hanson has failed to state a claim on which relief may be granted under federal law against any of these defendants.

First, a court-appointed defense attorney does not act under color of law and thus may not be sued under 42 U.S.C. §1983.  Moreover, unless Mr. Hanson has been cleared of the robbery charge, he apparently could not recover against the

attorney even under state law. *See Steele v. Kehoe*, 747 So. 2d 931 (Fla. 1999). There a criminal defendant sued his attorney for malpractice that allegedly occurred during the criminal proceeding. The trial court granted a motion to dismiss with prejudice. The Florida District Court of Appeal affirmed but also certified to the Florida Supreme Court the question, as rephrased by the Supreme Court, "must a defendant prevail in having his or her conviction or sentence reduced before filing a legal malpractice action?" The Florida Supreme Court answered the question in the affirmative, squarely holding that a criminal defendant must have a criminal judgment vacated before pursuing a malpractice action of this type. The court identified the reasons for this rule as follows:

> (1) without obtaining relief from the conviction or sentence, the criminal defendant's own actions must be presumed to be the proximate cause of the injury; (2) monetary remedies are inadequate to redress the harm to incarcerated criminal defendants; (3) appellate, postconviction, and habeas corpus remedies are available to address ineffective assistance of counsel; (4) requiring appellate or postconviction relief prerequisite to a malpractice claim will preserve judicial economy by avoiding the relitigation of supposedly settled matters; and (5) relief from the conviction or sentence provides a bright line for determining when the statute of limitations runs on the malpractice action.

*Steele*, 747 So. 2d at 933.

Second, recovery of damages is not available under §1983 against state officials based on *respondeat superior*. Mr. Hanson has not alleged, however, that

any of the officials named as defendants had any role in the alleged deprivations. The sole basis for Mr. Hanson's damages claims against these officials thus is, in essence, *respondeat superior*. He has failed to state a federal claim for damages against these defendants.

Third, a state official has qualified immunity from any §1983 damages claim unless the official knowingly acts in violation of clearly settled law. Mr. Hanson has not alleged personal involvement or knowing violations by any of the officials named as defendants.

Fourth, injunctive relief of the type Mr. Hanson seeks is not available under these circumstances. He demands disbarment of the court-appointed attorney, removal from office of a judge who is not even named as a defendant (and would not be subject to removal in an action of this type), removal of the current jail administrator, a revision of the sheriff's grievance procedures, and provision of vocational training at the jail.

Fifth, Mr. Hanson has not alleged any likelihood that he again will be subjected to any of the same violations he says have occurred. A plaintiff ordinarily does not have standing to seek injunctive or declaratory relief with respect to a policy or practice unlikely to be applied to the plaintiff in the reasonably foreseeable future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102,

111, 103 S. Ct. 1660, 1665, 1670, 75 L. Ed. 2d 675 (1983) (holding that a person who had been subjected to a choke hold in the past had no standing to seek injunctive relief against the city's practice of using choke holds because there was not a "sufficient likelihood that he will again be wronged in a similar way").  Like the plaintiff in *Lyons*, Mr. Hanson alleges he was treated unconstitutionally in the past, but Mr. Hanson has not alleged that he is likely to be subjected to the same practice again in the future.

In short, Mr. Hanson is entitled to no relief on the second amended complaint.  Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The clerk shall enter judgment stating, "The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)."  The clerk shall close the file.

SO ORDERED this 23d day of November, 2007.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge